UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Lecephrus Pierce, | ) | Civil Action No.: 5:21-cv-00902-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Bryan K. Dobbs, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

United States Magistrate Judge Kaymani D. West, issued a Report and Recommendation ("R & R") recommending dismissing Petitioner's § 28 U.S.C. 2241 petition without prejudice.[1] *See* ECF No.19. This matter is before the Court for review of Petitioner Lecephrus Pierce's "Response to Magistrate's Report and recommendation; And a Legal Request for Transfer to an Art. III Court exercising Constitutional Authority." *See* ECF No. 24. The Court adopts the R & R.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Court is mindful of its duty to liberally construe Petitioner's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed pro se is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of pro se litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## Discussion

In 2017, Petitioner pled guilty before this Court to possession of cocaine with intent to distribute and use or possession of a firearm during or in furtherance of a drug trafficking offense, and he was sentenced to 79 months imprisonment. *See United States v. Pierce*, C/A No.: 4:17-cr-256-RBH (D.S.C. March 20, 2018), ECF Nos. 76 & 96.[2] Petitioner filed an appeal challenging his convictions and sentence, and the Fourth Circuit Court of Appeals affirmed the judgment. *Id*. at ECF Nos. 94 & 104. On July 15, 2019, Petitioner filed a pro se motion to vacate judgment under 28 U.S.C. § 2255. *Id*. at ECF No. 117. Petitioner's motion was denied, and Petitioner did not appeal the denial. *Id.* at ECF No. 145.

The Magistrate Judge recommends dismissing Petitioner's § 2241 petition because he cannot

---

[2] This court takes judicial notice of Petitioner's prior cases. *See Colonial Penn Ins. Co. V. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (citation omitted).

satisfy the savings clause in 28 U.S.C. § 2255(e),[3] and, thus, the Court lacks jurisdiction to consider the petition. *See* ECF No. 19 at 3–5.  Petitioner does not specifically object to the Magistrate Judge's recommendation.[4]   Regardless, the Court has conducted a de novo review and agrees with the recommendation of the Magistrate Judge that the Court lacks jurisdiction to consider Petitioner's § 2241 petition because Petitioner cannot meet the second prong of the *In re Jones*[5] and *U.S. v.*

---

[3]     28 U.S.C. § 2255(e) provides a prisoner may challenge his conviction and/or sentence in a traditional writ of habeas corpus pursuant to § 2241 if a § 2255 motion would be "inadequate or ineffective to test the legality of his detention."

[4]      Petitioner has filed a "Response to Magistrate's Report and recommendation; And a Legal Request for Transfer to an Art. III Court exercising Constitutional Authority." *See* ECF No. 24 (docketed by the Clerk's office as Objection to Report and Recommendation).   Petitioner argues he is being "illegally incarcerated by a court that does not have Article III constitutional authority to enter any judgments" and his case should be transferred "to an Article III Constitutional Court exercising Article III Constitutional authority." *See* ECF No. 24 at 1.  This argument is without merit as this Court is a United States District Court and the undersigned is a judge of this Court.  *See Patton v. United States*, 255 F. Supp. 3d 1182, 1185 (N.D. Ala. 2017) (outlining a history of the federal judiciary that resulted in the United States District Courts having plenary jurisdiction as a result of Acts of Congress pursuant to Article III).  Therefore, Petitioner's Petition to Transfer is denied.

[5]     *In Re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) provides the following criteria must be met to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

3

*Wheeler*[6] tests.[7]

## Conclusion

After a thorough review of the record in this case, the Court adopts and incorporates herein the Magistrate Judge's R & R [ECF No. 19]. Accordingly, the Court **DISMISSES** this action *without prejudice* and without requiring Respondent to file a return. The Court **DENIES** Petitioner's Petition to Transfer.

**IT IS SO ORDERED.**

Florence, South Carolina                                s/ R. Bryan Harwell
July 29, 2021                                           R. Bryan Harwell
                                                        Chief United States District Judge

---

[6]     *United States v. Wheeler*, 886 F.3d 415, 428–29 (4th Cir. 2018) provides that the following criteria must be met to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's sentence:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and the first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

[7]     Regardless, the Court notes the decision in *United States v. Davis*, 139 S.Ct. 2319 (2019) would not benefit Petitioner. Title 18 U.S.C. § 924(c)(1)(A) is applicable to sentences for "any person who, during and in relation to any crime of violence or *drug trafficking crime* . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." (emphasis added). In *Davis*, the Supreme Court found the residual clause in § 924(c)(3)(B) defining a crime of violence is unconstitutionally vague and therefore void. 139 S.Ct. at 2336. However, as Petitioner pled guilty to using or possessing a firearm during or in furtherance of a *drug trafficking crime* and not a crime of violence, *Davis* does not apply.